**Affirmed and Memorandum Opinion filed April 8, 2014.**



In The

## Fourteenth Court of Appeals

---

### NO. 14-13-00635-CR

---

### THE STATE OF TEXAS, Appellant

### V.

### CUONG PHU LE, Appellee

---

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1369320**

---

### M E M O R A N D U M   O P I N I O N

The State of Texas charged Cuong Phu Le with felony possession of marijuana.[1]  Appellee filed a motion to suppress evidence on grounds it had been seized as a result of an illegal search.  The trial court granted appellee's motion to suppress.  We affirm.

### BACKGROUND

---

[1] *See* Tex. Health & Safety Code Ann. § 481.121 (b)(4) (Vernon 2010).

A warrant to search 8603 Jubilee Drive was issued on November 27, 2012. The probable cause affidavit supporting the warrant was prepared by Houston Police Department Officer Bobby Roberts, a narcotics supervisor with 26 years of experience. According to the affidavit, a concerned citizen told Sergeant Robert Clark of the Harris County Sherriff's Department in November 2012 that "suspicious activity" was occurring at 8603 Jubilee Drive. Clark possessed extensive training relating to the indoor cultivation and possession of marijuana. The concerned citizen told Clark that (1) he never observed furniture being moved into the residence and no one appeared to live there; (2) Asian males visited the house during the early evening but never stayed long; (3) he had never seen a light on in the residence even when the Asian males arrived at night; and (4) one of the Asian males drove a black Toyota SUV with Texas license plate numbered 170HZY. The concerned citizen was a homeowner in Harris County Texas with no criminal history.

The affidavit further states that Clark conducted multiple surveillances on the residence between November 6, 2012 and November 13, 2012. Clark observed that no lights were visible in the residence other than at the front door and a single light at the rear of the first floor. Clark observed that the mini-blinds were tightly drawn on every window in the residence on November 6, 2012. Clark learned through Centerpoint Energy that the utilities at 8603 Jubilee Drive were listed in the appellee's name. Clark accessed the Texas Crime Information Computer System and learned that appellee listed a different home address than 8603 Jubilee Drive on his driver's license and concealed handgun license. Clark traveled to the address listed on the licenses as appellee's home address and observed the black Toyota in the driveway.

On November 13, 2012, Clark traveled to 8603 Jubilee Drive and walked up

the front sidewalk of the home to the front door. While standing at the front door, Clark smelled what he believed from his training and experience to be raw marijuana. While standing on the sidewalk in front of the residence, Clark heard the air conditioning running.[2]

Roberts conducted surveillance on the residence on November 27, 2012, and observed appellee leave the residence in the black Toyota SUV. Hours later, Roberts stopped appellee for traffic violations. During the traffic stop, Roberts smelled what he believed from his training and experience to be raw marijuana on appellee and in the car. The affidavit does not state that marijuana was found in the car. Roberts requested the assistance of a Houston Police Department narcotics detection dog. An officer and a narcotics detection dog responded to 8603 Jubilee Drive. The dog sniffed the front door and alerted officers to the odor of a controlled substance.

Based on this information, a magistrate issued a search warrant for 8603 Jubilee Drive. Police executed the warrant and seized 358 marijuana plants from inside the residence. A grand jury indicted appellee with the felony offense of possession of marijuana on January 14, 2013. Appellee filed a motion to suppress the marijuana on May 16, 2013. At the suppression hearing, appellee argued that (1) the use of dog sniffs at front doors had been invalidated by *Florida v. Jardines*, 133 S. Ct. 1409 (2013); and (2) the remaining evidence in the affidavit was based on stale facts that were insufficient to support probable cause.

The trial court considered the warrant, an affidavit by the arresting officer, a memorandum by appellant's trial counsel, and counsel's arguments. The trial

---

[2] The 2012 affidavit claims that it was 38 degrees Fahrenheit on November 13, 2012. However, appellee's motion to suppress included a weather report for "Houston Hull, Texas," which detailed that on November 13, 2012, the high was 60 degrees Fahrenheit and the low was 51 degrees Fahrenheit.

3

court granted appellee's motion. This appeal followed.

ANALYSIS

In one issue on appeal, the State argues that the trial court abused its discretion in granting appellee's motion to suppress the marijuana seized from the Jubilee residence because (1) the magistrate who issued the search warrant was acting in good faith in light of existing case law; and (2) even excluding the illegal dog sniff, the affidavit established probable cause that appellee was growing marijuana. Because the issue of probable cause is dispositive, we address it first.

## I.     Probable Cause

We review a trial court's ruling on a motion to suppress under a bifurcated standard, giving almost complete deference to the historical facts found by the trial court and credibility but reviewing *de novo* the trial court's application of the law to the facts. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011); *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). When the trial court determines whether there was sufficient probable cause to support the issuance of a search warrant, there are no credibility determinations and the trial court is constrained to the four corners of the affidavit. *McLain*, 337 S.W.3d at 271. The parties agree that, after *Jardines*, the use of a narcotics detection dog on a residence's front porch without a warrant is an illegal search that violates the Fourth Amendment. *See Jardines*, 133 S. Ct. at 1412. *Jardines* held that the government's use of a trained police dog to investigate the immediate surroundings of Jardines's home was an unlicensed physical intrusion that amounted to a search within the meaning of the Fourth Amendment. *Id*. Here, the affidavit supporting the warrant contained evidence of an illegal dog sniff of the front door.

"'When a search warrant is issued on the basis of an affidavit containing

4

unlawfully obtained information, the evidence seized under the warrant is admissible only if the warrant clearly could have been issued on the basis of the untainted information in the affidavit.'" *Brackens v. State*, 312 S.W.3d 831, 838 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (quoting *Pitonyak v. State*, 253 S.W.3d 834, 848 (Tex. App.—Austin 2008, pet. ref'd)); *State v. Bridges*, 977 S.W.2d 628, 632 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Thus, if the remaining information in the affidavit clearly established probable cause, then the warrant is valid. *Wright v. State*, 401 S.W.3d 813, 822 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

Probable cause for a search warrant exists if, under the totality of circumstances before the magistrate, there is a "fair probability" or "substantial chance" that contraband will be found in a particular place. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)). As long as the magistrate had a substantial basis for concluding probable cause existed, we will uphold that probable cause determination. *McLain*, 337 S.W.3d at 271. We may not analyze the affidavit in a hyper-technical manner and instead should interpret the affidavit in a commonsense and realistic manner, deferring to all reasonable inferences that the magistrate could have made. *Id.*

The State argues that the affidavit was supported by probable cause even if the evidence of the dog sniff is disregarded. Appellee asserts that the following information outlined in the affidavit should not be considered in our determination of probable cause: (1) information provided by the concerned citizen; (2) the electric account information;[3] and (3) the odor of marijuana smelled by Clark on

---

[3] Appellee asserts that the electric account information for the Jubilee residence adds nothing to a determination of probable cause except that the account is in appellee's name. We agree.

the front door of the Jubilee residence. After disregarding this evidence and the dog sniff, the appellee argues that the remainder of the evidence does not establish probable cause.

## A. Reliability of the Concerned Citizen

Appellee contends that "the information provided by the 'Concerned Citizen' should not be considered because there is no indication this person is reliable." Appellee further argues that "when information provided by someone whose identity is unknown is used to form the basis of probable cause for a search, there must be some information to convey to the court that the unknown person is reliable." Appellee cites *Torres v. State*, 552 S.W.2d 821, 824 (Tex. Crim. App. 1977), to support these assertions.

The credibility test used in *Torres* is a vestige of *Aguilar v. State of Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969). In *Illinois v. Gates*, 462 U.S. 213, 238 (1983), the Court disapproved of the hyper-technical rules of these cases in favor of a totality of the circumstances approach. *See Lockett v. State*, 879 S.W.2d 184, 187 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). Although the concerned citizen's tip might be insufficient to establish probable cause, it may be considered under our review of the totality of the circumstances. *See Gates*, 462 U.S. at 238 ("This totality-of-the-circumstances approach is far more consistent with our prior treatment of probable cause than is any rigid demand that specific 'tests' be satisfied by every informant's tip."); *see also Flores*, 319 S.W.3d at 702 (A tip from a confidential informant alleging the presence of illegal drugs in the defendant's residence was a circumstance that could be considered along with all of the other circumstances, even though the tip itself was insufficient to establish probable cause.) Therefore, we will consider this portion of the affidavit.

## B.    Smell of Marijuana from the Front Door

Appellee asserts that the evidence of the smell of marijuana noted by Clark should be excluded because it was obtained in violation of appellee's Fourth Amendment rights.   In *Jardines*, the Supreme Court explained the scope of an officer's permissible actions when approaching a front door, stating, "[t]he knocker on the front door is treated as an invitation or license to attempt an entry." *Jardines*, 133 S. Ct. at 1415.   The invitation or license extended to "solicitors, hawkers and peddlers" also extends to law enforcement officers, who are accordingly permitted to do as any "'private citizen' might do." *Id.* at 1415–16. Law enforcement officers are permitted "to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave." *Id.* at 1415.

> The relevant portion of the affidavit states:
>
> Clark walked up to the front door of the residence on the front sidewalk, which is open to all visitors.   While standing at the front door of the residence Clark could smell a distinct odor that he knows through training and experience in conducting investigations of indoor marijuana grows to be that of raw marijuana.

Nothing in the affidavit suggests that Clark did more than any private citizen might do.   Thus, we conclude that the evidence of the smell of raw marijuana emanating from the front door does not violate the Fourth Amendment. *See Jardines*, 133 S. Ct. at 1419 n.2 (Kagan, J., concurring) ("If officers can smell drugs coming from a house, they can use that information; a human sniff is not a search.").

Appellee argues alternatively that evidence that Clark smelled raw marijuana from the front door of the Jubilee residence on November 13, 2012 is inadmissible because the evidence was stale when the warrant issued on November 27, 2012.

To determine whether the facts supporting a search warrant have become

7

stale, we examine the elapsed time between the occurrence of events set out in the affidavit and the time the search warrant was issued in light of the type of criminal activity involved. *McKissick v. State*, 209 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The Court of Criminal Appeals has "suggested that time is a less important consideration when an affidavit recites observations that are consistent with ongoing drug activity at a defendant's residence." *Jones v. State*, 364 S.W.3d 854, 860 (Tex. Crim. App. 2012), *cert. denied*, 133 S. Ct. 370 (2012).

The State cites *Lockett*, and a number of out-of-state cases to support its assertion that Clark's observations were not stale. *Lockett v. State*, 879 S.W.2d at 188. In *Lockett*, the affidavit in support of a warrant contained information from two confidential informants who had known Lockett for several years and observed firearms in his residence months before the warrant was executed. *Id.* at 188. This court concluded that the affidavit was not based on stale information because the magistrate could have concluded that Lockett had been in possession of firearms over an extended period of time which continued until the time the warrant was issued.

*Lockett* is distinguishable from the case at hand. The affidavit in this case does not state that anyone witnessed appellee with illegal contraband. Further, this case concerns the possession of marijuana, not illegal firearms. *See Kennedy v. State*, 338 S.W.3d 84, 98 (Tex. App.—Austin 2011, no pet.) ("[I]llegal weapons are not fungible in the same way that drugs are and may be retained for long periods of time."). Thus, because of the transient nature of drugs, the evidence that Clark smelled raw marijuana emanating from the Jubilee residence on November 13, 2012 was stale on November 27, 2012 when the warrant was executed. *See State v. Griggs*, 352 S.W.3d 297, 303 (Tex. App.—Houston [14th Dist.] 2011, pet.

ref'd) ("Facts stated in an affidavit must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified at that time.").

## C. Totality of the Circumstances

After disregarding the evidence of the illegal dog sniff and Clark's observations on November 13, 2012, the remaining facts in the affidavit establish: (1) "suspicious activity" was occurring at the Jubilee residence; (2) individuals only visited the residence on a sporadic basis; (3) the mini-blinds were tightly drawn on every window in the residence; (4) the utilities at the residence were in appellee's name; and (5) appellee's car and person smelled of raw marijuana hours after leaving the residence. Under the totality of the circumstances, we conclude that the remaining information in the affidavit does not clearly establish probable cause that marijuana would be found at the Jubilee residence. *See Flores*, 319 S.W.3d at 702; *Serrano v. State*, 123 S.W.3d 53, 63 (Tex. App.—Austin 2003, pet. ref'd) (probable cause not established by (1) an anonymous tip stating that defendant was dealing cocaine in Travis County; (2) police records and personal observations establishing a tenuous connection between defendant and the residence; and (3) the discovery of a plastic bag containing cocaine residue in a garbage can outside the residence); *see also State v. Bayer*, No. 13-13-00008-CR, 2014 WL 586012 at *4 (Tex. App.—Corpus Christi Feb. 13, 2014, no. pet. h.) (mem. op.) (after excluding illegal evidence of a dog sniff, remaining evidence was insufficient to support probable cause.).

## II. Good Faith Exception

The State alternatively asserts that the evidence of marijuana is admissible because the magistrate who issued the search warrant was acting in good faith in light of existing case law.

Evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States, shall not be admitted in evidence against the accused on the trial of any criminal case. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). Article 38.23(b) provides that "[i]t is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." *Id.* art. 38.23(b).

The State did not raise the issue of good faith to the trial court below at the suppression hearing. An appellate court may not reverse a trial court's decision based on a legal theory not presented to the trial court. *Hailey v. State*, 87 S.W.3d 118, 121 (Tex. Crim. App. 2002); *Wade v. State*, 164 S.W.3d 788, 792 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, because the State failed to raise this defense below, it is procedurally barred from asserting this argument as a basis for reversing the trial court's ruling. *State v. Elrod*, 395 S.W.3d 869, 883 (Tex. App.—Austin 2013, no pet.).

## CONCLUSION

Having overruled the State's sole issue, we conclude that the trial court did not err in finding that the magistrate lacked probable cause to issue the search warrant of the Jubilee residence. Accordingly, we affirm the trial court's order of suppression.

/s/     William J. Boyce
Justice

Panel consists of Justices Boyce, Christopher, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).