**Opinion issued June 20, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00974-CR

———————————

**THE STATE OF TEXAS, Appellant**

**V.**

**BRUCE Y. MONTGOMERY, Appellee**

**On Appeal from the 25th District Court**
**Colorado County, Texas**
**Trial Court Cause No. 12095**

## MEMORANDUM OPINION

Appellee Bruce Y. Montgomery was indicted by a grand jury for the felony offense of possession of a controlled substance, namely cocaine. Montgomery

moved to suppress the evidence seized from his residence during the execution of a search warrant on the grounds that the officer's affidavit in support of the application for the search warrant did not establish probable cause. The trial court granted the motion. The State appeals, contending that the trial court erred by failing to allow for the magistrate's reasonable determination that probable cause existed based on the totality of the facts contained in the affidavit. We reverse and remand.

## BACKGROUND

On April 11, 2012, a magistrate found that probable cause existed to support the issuance of a search warrant for a residence located at 803 East C Street in Eagle Lake. The magistrate's determination of probable cause was based on the affidavit of Colorado County Sheriff's Deputy Shawn Zak. In relevant part, the affidavit recited the following:

> 4. It is the belief of affiant that said suspected party has possession of and is concealing drugs and controlled substances, namely Crack Cocaine, at said suspected place in violation of the law of the State of Texas . . . .
>
> 5. Affiant has probable cause for said belief of the following facts and circumstances.
>
> All of the following events occurred on April 10, 2012 in Colorado County. Affiant met with a Confidential Informant in reference to purchasing Crack Cocaine from the Suspected Party. Affiant has also received information regarding narcotic activity at the suspected place

2

in the recent past. Affiant also received information this confidential informant has given true and correct information to law enforcement.

Your Affiant thoroughly searched the Confidential Informant and the vehicle he was operating and did not find any narcotics or controlled substances. Affiant gave the Confidential Informant an audio recording device and a fifty dollar bill. The Confidential Informant advised he was going to purchase fifty dollars' worth of Crack Cocaine from the Suspected Party at the Suspected Place.

Affiant followed the Confidential Informant to the Suspected Place and watched him make contact with the [S]uspected [Party]. The Confidential Informant stayed a very short time and then got back into his vehicle. Affiant followed the Confidential Informant to a designated place and received six Crack rocks, which appeared to be Crack Cocaine. The Confidential Informant advised Affiant he bought the Crack Cocaine from the Suspected [Party], who he knew personally. The Confidential Informant reported the Suspected [Party] delivered the substance through the back door and retrieved the substance from inside the Suspected Place. Affiants conducted a second search of Confidential Informant and found no additional narcotics or buy money.

Affiant listened to the audio recording and noted from when the device was activated and until receiving the device back it was recorded. Affiant could hear the Confidential Informant and the Suspected [Party] who was identified as Bruce. From the time the Confidential Informant left Affiant's presence to go purchase Crack Cocaine from the Suspected [Party] and after the Confidential Informant left the Suspected [Party's] presence the Confidential Informant was not in the company of anyone else and could have only received the Crack Cocaine from the Suspected Place.

Affiant field tested the substance purchased and the white rocks tested positive for Cocaine. Affiant weighed the substance on a digital scale and the substance weighed .48 grams.

In the affidavit, the "suspected party" was identified as Bruce Yarnell Montgomery, and was described as a black male with black hair, approximately 6'0 tall and weighing 280 pounds, whose date of birth is May 23, 1964. The affidavit was sworn to on April 11, 2012, and the search warrant based on the affidavit issued that same day. Also that same day, Montgomery was arrested for possession of a controlled substance as a result of cocaine being recovered from the residence during the search.

Montgomery moved to suppress the evidence, arguing that the affidavit failed to establish probable cause for the issuance of a search warrant. After three hearings on the motion to suppress, the trial court granted Montgomery's motion, ruling as follows:

> I'm going to grant it, and I'll tell you why. The one sentence in the affidavit—Affiant has also received information regarding narcotic activity at the suspected place in the recent past—there's no statement of where that information came from, that it came from a reliable source. So, that's what my decision is based on and that's what you can appeal on.

The State appealed.

## Probable Cause for Search Warrant

### A. Standard of Review

When reviewing a trial court's decision on a motion to suppress, we normally use a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89

(Tex. Crim. App. 1997). We defer to the trial court's determination of historical fact, but we review de novo the application of the law to the facts. *Id.* However, when a trial court is determining whether there is probable cause to support the issuance of a search warrant, the court does not make any credibility determinations. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Instead, "the trial court is constrained to the four corners of the affidavit." *Id.* We apply a highly deferential standard when reviewing a magistrate's decision to issue a warrant because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *Id.* The magistrate's probable cause determination will be upheld as long as the magistrate had a substantial basis for concluding that probable cause existed. *Id.*; *State v. Griggs*, 352 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

We do not analyze the affidavit in a hyper-technical manner; rather, we must interpret the affidavit in a "commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences." *Griggs*, 352 S.W.3d at 301 (quoting *McLain*, 337 S.W.3d at 271). "Both appellate courts and trial court alike must give great deference to a magistrate's implicit finding of probable cause." *McLain*, 337 S.W.3d at 271–72. We do not focus on the information that is not contained in the affidavit but, instead, on "the combined logical force of facts that

5

are in the affidavit." *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007). "When in doubt, we defer to all reasonable inferences that the magistrate could have made." *Id.* at 61.

"Whether the facts alleged in a probable-cause affidavit sufficiently support a search warrant is determined by examining the totality of the circumstances." *Griggs*, 352 S.W.3d at 301 (citing *Illinois v. Gates*, 462 U.S. 213, 230–31, 103 S. Ct. 2317, 2328 (1983)). "A search warrant is supported by probable cause when the facts set out within the 'four corners' of the affidavit are 'sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued.'" *Id.* (quoting *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006)).

## B.   Applicable Law

A magistrate cannot "issue a search warrant without first finding 'probable cause' that a particular item will be found in a particular location." *Rodriguez*, 232 S.W.3d at 60. "Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location." *McLain*, 337 S.W.3d at 272. The test for finding probable cause is "whether a reasonable reading by the magistrate would lead to the conclusion that the affidavit provided a substantial basis for the issuance

6

of the warrant, thus, the magistrate's sole concern should be probability." *Rodriguez*, 232 S.W.3d at 60. Probable cause is a "flexible and non-demanding standard." *McLain*, 337 S.W.3d at 272.

Generally, an anonymous tip, standing alone, will not establish probable cause. *Elardo v. State*, 163 S.W.3d 760, 767 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *State v. Steelman*, 93 S.W.3d 102, 108 (Tex. Crim. App. 2002)). However, police officers may provide other indicia of reliability through independent corroboration of the informant's information. *Id.* (citing *Gates*, 462 U.S. at 233, 103 S. Ct. at 2329). For example, courts of appeals have held that a controlled buy, alone, may be enough to corroborate an informant's tip and provide probable cause for a search warrant. *See Griggs*, 352 S.W.3d at 305; *Ford v. State*, 179 S.W.3d 203, 212 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Sadler v. State*, 905 S.W.2d 21, 22 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

## C. Analysis

In its sole issue on appeal, the State contends that the trial court failed to accord proper deference to the reasonable inferences the magistrate could have drawn from the facts contained in the affidavit and to the magistrate's determination that probable cause supported the issuance of the search warrant. Montgomery responds that the trial court correctly determined that the search

warrant was invalid because the affidavit did not establish the reliability of the source who told Deputy Zak that narcotic activity had taken place at the suspected location in the recent past. We conclude that the affidavit contained sufficient information to support the magistrate's probable-cause finding.

The affidavit reflects the following: Deputy Zak received information "regarding narcotic activity at the suspected place [803 East C Street] in the recent past" and identified the party suspected of controlling the residence as a black male named Bruce Yarnell Montgomery. Although the affidavit does not reveal the source of that information, Deputy Zak corroborated this information by conducting a controlled buy with an informant, whom Deputy Zak described as having previously provided true and correct information to law enforcement.[1] Deputy Zak searched the informant before staging the controlled buy and found he had no narcotics or other contraband. Deputy Zak gave him a recording device and a fifty dollar bill and followed him to 803 East C Street, where he observed the informant make contact with Montgomery. After the informant left the residence, Deputy Zak followed him to a previously designated location where the informant turned over six crack rocks. The informant told Deputy Zak that he had purchased

---

[1] We note that the affidavit, therefore, does address the credibility and reliability of the informant *who participated in the controlled buy*, and Montgomery does not challenge this informant's credibility and reliability on appeal.

the crack from Montgomery, whom he knew personally, and that Montgomery retrieved the crack from inside the residence and delivered it to the informant through the back door. Deputy Zak searched the informant again and found no narcotics or contraband. Finally, Deputy Zak listened to the audio recording of the controlled buy and stated that the informant was not in the company of any other person, except for Montgomery, during and after the transaction and, therefore, the informant could have only received the crack from the suspected residence.

Considering the totality of the circumstances, we hold that the affidavit sufficiently established probable cause justifying the issuance of the search warrant. *See Griggs*, 352 S.W.3d at 304–05 (finding probable cause for issuance of search warrant and rejecting appellee's argument that original tip—that cocaine was being "stored and sold" at the residence in question—was not credible despite being unable to determine identity or credibility of informant because circumstances of a controlled buy, standing alone, may establish probable cause and affidavit addressed credibility of informant who participated in controlled buy and appellee did not challenge credibility of that informant on appeal); *Ford*, 179 S.W.3d at 212 (holding affidavit detailing controlled buy of cigarettes dipped in PCP from the place to be searched and addressing the credibility and reliability of informant who participated in controlled buy was sufficient to support finding of

probable cause); *Sadler*, 905 S.W.2d at 22 (holding that affidavit detailing circumstances of controlled buy, including that police officer searched informant before sending him into suspected premises and kept informant in view to insure source of contraband, was sufficient to reasonably confirm informant's information and give probable cause to issue search warrant).

We sustain the State's issue.

**CONCLUSION**

We reverse the judgment of the trial court and remand for further proceedings.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do Not Publish — TEX. R. APP. P. 47.2(b).