**Affirmed and Memorandum Opinion filed November 5, 2013.**



**In the**

# Fourteenth Court of Appeals

---

**NO. 14-12-00785-CR**
**NO. 14-12-00786-CR**

---

**MARCUS LEANDREW SMALLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1341051 & 1341052**

---

## M E M O R A N D U M   O P I N I O N

Appellant Marcus Leandrew Smalley was convicted by a jury of possession with intent to deliver cocaine weighing more than 200 but less than 400 grams, and of unlawful possession of a firearm by a felon. Appellant challenges both convictions on appeal, arguing that the trial court abused its discretion by denying his motion to suppress. Appellant contends that: (1) the affidavit supporting the

search warrant was not sufficient to show probable cause, thus violating his rights under the Fourth Amendment, article I, section 9, of the Texas Constitution, and articles 1.06 and 38.23 of the Texas Code of Criminal Procedure; and (2) the affidavit also did not support reasonable suspicion to authorize a "no knock" entry for police to execute the warrant. We affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for felony possession with intent to distribute a controlled substance, namely, cocaine, weighing at least 200 and less than 400 grams, including any adulterants and dilutants, alleged to have been committed on or about October 27, 2011. Appellant was also indicted for the felony offense of being a felon in possession of a firearm, alleged to have been committed on or about the same date.

On October 27, 2011, a Harris County magistrate found that probable cause existed to support issuing a search warrant for an apartment located on Greens Parkway. The warrant further authorized police to dispense with the usual requirement to "knock and announce" their purpose before entering the apartment. The magistrate based his finding on an affidavit provided by Officer Zamora of the Houston Police Department.

In his affidavit, Zamora stated that there was a suspected place and premises—the Greens Parkway apartment—and described the apartment complex, and the position and number of the "target apartment." Zamora provided a physical description of the "suspected party" in control of the apartment, also known as "Ca-Leon." Zamora averred to his belief that the suspected party was in possession of and concealing illegal narcotics, including powder cocaine. Zamora then provided the "probable cause" basis for such belief:

2

Within the past 72 hours Officer Lara and I met with a confidential informant. I have used this informant in at least three prior narcotics investigations, and in each and every one of those narcotics investigations I have recovered narcotics. This informant can accurately identify crack cocaine by sight and smell. This informant has proven to me to be credible and reliable.

The informant will remain anonymous to ensure his/her personal safety.

Officer Lara and I met the informant at a secluded location away from vehicular and pedestrian traffic. I searched the informant. I did not find any money or contraband on the informant's person. I then gave the informant a quantity of city owned money.

Officer Lara and I and the informant then went to [street number] Greens Parkway [apartment complex name], in Houston, Harris County, Texas.

I observed the informant go directly to apartment #[] and meet with the suspected party. I then observed the confidential informant leave apartment #[] and return[] directly to me.

The informant gave a quantity of a powder like substance to me. I chemically field tested the substance given to me by the informant and noted a positive result for cocaine content.

The informant relayed the following information to me.

The informant told me that he/she went to the target location and met with the suspected party inside of the target location. The informant told me that he/she told the suspected party that he/she wanted a quantity of powder cocaine. The informant told me that he/she then exchanged the city buy money with the suspected party for a quantity of powder cocaine. The confidential informant told me that the suspected party produced the powder cocaine from the top of a table in the living room. The confidential informant told me that he/she observed at least 10–12 small baggies of powder cocaine left on the table. The confidential informant told me that the suspected party told him/her to only buy dope from him and not any other mother f[**]ker out there.

In the affidavit, Zamora also requested authorization to enter the target apartment "without first knocking and announcing the presence and purpose of officers

3

executing the warrant." Zamora then provided the following reasons why "knocking and announcing would be dangerous, futile, or would inhibit the effective investigation of the offense": the informant told Zamora that the suspected party is known to carry a pistol; Zamora found a police report regarding a suspect "Kallon," whose physical description matches that of the suspected party, who allegedly "pulled a pistol out on a female complainant and threatened her with it"; and Zamora knew from a credible and reliable source that the suspected party recently moved from the address listed in the police report to the target apartment, "which happens to be just down the street." Zamora indicated his belief that "Kallon" is the suspected party "Ca-Leon."

Police searched the target apartment pursuant to the premises warrant and recovered approximately "216.2 grams of cocaine, 370 grams of marijuana, 129 grams of schedule II pharmaceutical tabs, 6 grams of ecstasy, 1 pistol, 1 shotgun, and one assault rifle." When the police executed the warrant, appellant was inside the apartment and had a pistol in his hand. Based upon the evidence seized from the apartment, appellant was arrested and charged with unlawful possession of a firearm by a felon, and with possession with intent to deliver cocaine.

Before trial, in both of his cases, appellant filed a motion to suppress all the evidence seized from the apartment, alleging that "[t]he evidence seized was obtained as a result of a search of the apartment without a valid search warrant and without probable cause in violation of" the Fourth Amendment, article I, section 9, of the Texas Constitution, and articles 1.06 and 38.23 of the Texas Code of Criminal Procedure. The trial court carried the motion with appellant's trial. At trial, appellant renewed his objection "that the affidavit is insufficient to set out probable cause to support the warrant." The trial court denied appellant's motion based on its review of the warrant.

4

The jury found appellant guilty as charged in both indictments. Appellant pleaded true to the two prior felony enhancement paragraphs alleged in both indictments, and the jury assessed appellant's punishment at 30 years' confinement for each offense. The trial court imposed the assessed sentences to run concurrently. Appellant timely appealed.

## II. ANALYSIS

### A. Whether there was sufficient probable cause to support the search warrant

Appellant contends that the trial court abused its discretion by denying his motion to suppress the evidence seized from the apartment because Zamora's affidavit does not sufficiently set out probable cause.

#### 1. Standard of review and probable cause

When reviewing a trial court's decision on a motion to suppress, we normally use a bifurcated standard of review, giving almost total deference to the trial court's express or implied determinations of historical facts and credibility but reviewing de novo the court's application of the law to the facts. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). However, when the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations; rather, the trial court is constrained to the four corners of the affidavit. *Id.* Accordingly, when reviewing the magistrates's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant. *Id.*

A search warrant may not legally issue unless it is based on probable cause. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2005 & Supp. 2012), art. 18.01(b) (West 2005). "A search warrant is supported by probable cause when the facts set out within the 'four corners' of the

5

affidavit are 'sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued.'" *State v. Griggs*, 352 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (quoting *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006)).  Probable cause is a "flexible and non-demanding standard." *McLain*, 337 S.W.3d at 272 (citing *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)).

We determine whether the facts alleged in a probable cause affidavit sufficiently support a search warrant based on the totality of the circumstances. *Griggs*, 352 S.W.3d at 301 (citing *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983)). As long as the magistrate had a substantial basis for concluding probable cause existed, i.e., that a search would uncover evidence of wrongdoing, we will uphold that probable cause determination. *McLain*, 337 S.W.3d at 271; *see Gates*, 462 U.S. at 236; *Griggs*, 352 S.W.3d at 302 (noting that "doubtful or marginal" cases should be resolved in favor of "the preference to be afforded warrants"). We may not analyze the affidavit in a hyper-technical manner and instead should interpret the affidavit in a commonsensical and realistic manner, deferring to all reasonable inferences that the magistrate could have made. *McLain*, 337 S.W.3d at 271.

### 2. Zamora's affidavit established that cocaine probably would be located at the apartment when the warrant was issued.

In his first issue, appellant argues that the search warrant affidavit in this case was insufficient to establish probable cause under the "totality of the circumstances" approach.[1]  We disagree.

---

[1] Although appellant also cites article I, section 9, of the Texas Constitution and articles 1.06 and 38.23 of the Code of Criminal Procedure, he does not separately argue his state law claims or present any argument asserting that these provisions afford him greater protections than the Fourth Amendment as construed in *Illinois v. Gates*.  Accordingly, these state law contentions present nothing for review. *See Manns v. State*, 122 S.W.3d 171, 192 n.97 (Tex. Crim. App. 2003).

Here, the affidavit supporting the search warrant detailed a controlled buy of powder cocaine from the place to be searched, the specified Greens Parkway apartment, within the past 72 hours. The affiant, Zamora, was an officer with the Houston Police Department with experience in narcotics investigations and recovery. The affidavit stated that Zamora searched the confidential informant for contraband and money and then gave him/her money to purchase narcotics. Zamora swore that he knew the informant to be a credible and reliable source, whose efforts in "at least three prior narcotics investigations" had assisted Zamora in the recovery of narcotics. Zamora observed the informant enter the target apartment, exit, and return to him with a powdery substance that tested positive as cocaine. The informant reported to Zamora that he/she exchanged the money for the cocaine, there were 10–12 other baggies of cocaine on the table, and the suspected party instructed him/her only to purchase "dope" from him and "not any other mother f[**]ker out there." These facts supported the inference that cocaine was and would continue to be present and available for sale within the place named in the warrant. Thus, there were facts within the four corners of the affidavit from which the issuing magistrate could reasonably infer that the informant had purchased cocaine inside the target apartment named in the search warrant. *See Ford v. State*, 179 S.W.3d 203, 212–13 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Based on the totality of these facts and the inferences drawn from them, and interpreting the affidavit in a commonsensical and realistic manner, we conclude that the affidavit supported the magistrate's probable cause finding. *See Griggs*, 352 S.W.3d at 303.

Nevertheless, appellant attacks various portions of Zamora's affidavit as deficient and thus unable to support probable cause. Appellant contends that the affidavit lacks information about the "suspected party," does not indicate what led

to the controlled buy, omits details about the controlled buy itself, and otherwise includes information from insufficiently reliable sources. However, as this court previously has stated, "[t]he issue is not whether there are other facts that could have, or even should have, been included in the affidavit." *Id.* at 302 (citing *Rodriguez*, 232 S.W.3d at 62). "[W]e focus instead on the combined logical force of facts that are in the affidavit." *Id.* In any event, none of appellant's arguments works to diminish such "logical force" here.

First, appellant contends that the affidavit insufficiently and unreliably described the suspected party as "Ca-Leon" with a generic description applicable to many black males in Houston. But when an affidavit is offered in support of a search warrant for a particular location, not a particular person, we examine whether the four corners of that affidavit provide "a substantial basis to find, either directly or through reasonable inference, probable cause that contraband or evidence of a crime will be found at the described location." *Bonds v. State*, 403 S.W.3d 867, 874 (Tex. Crim. App. 2013); *see Garcia v. State*, 340 S.W.2d 803, 804 (Tex. Crim. App. 1960) (search warrant affidavit sufficiently describing house to be searched was valid where house described as used and occupied by unknown Mexican male and female, and other unknown persons). Here, where Zamora's affidavit described with sufficient particularity the target apartment and provided the circumstances of a recent controlled buy of cocaine at that exact apartment, the affidavit "satisfactorily established a nexus between criminal activity, the things to be seized, and the place to be searched." *See Bonds*, 403 S.W.3d at 874.

Next, appellant faults the affidavit for failing to provide information as to what led Zamora and Lara to meet with the confidential informant and dispatch him/her to the target apartment to purchase drugs. However, this court has upheld a magistrate's probable cause determination based on details of a controlled drug

buy involving a credible and reliable informant—without requiring details of what precisely led to the buy. *See Ford*, 179 S.W.3d at 211–212 (affidavit detailing controlled buy of cigarettes dipped in PCP from the place to be searched and addressing the credibility and reliability of informant who participated in controlled buy was sufficient to support finding of probable cause); *see also Griggs*, 352 S.W.3d at 304–05 (finding probable cause for issuance of search warrant and rejecting argument that original tip—that cocaine was being "stored and sold" at the residence in question—by unknown informant was not credible because circumstances of controlled buy, standing alone, may establish probable cause and affidavit addressed credibility of informant who participated in controlled buy and appellee did not challenge credibility of that informant on appeal). Here, the affidavit indicates that police oversaw a controlled buy of cocaine at the target location involving an informant proven to be credible and reliable. And appellant does not challenge on appeal the credibility and reliability of this informant with regard to the controlled buy.

However, appellant argues that the controlled buy was flawed because Zamora never states that he "set eyes on any 'suspected party'"; does not describe the person with whom he allegedly saw the informant meet or state that the informant offered any details about the person who allegedly sold him/her the cocaine; does not mention the informant's familiarity, if any, with powder cocaine; and does not indicate he searched the informant upon his return. Again, this search warrant was for a particular location, not a particular person. And nothing in Zamora's affidavit indicates that, aside from when the informant was actually inside the target apartment, police ever lost sight of him/her. *See Griggs*, 352 S.W.3d at 305 (to meet probable cause, "it is not necessary that an officer maintain constant surveillance on an informant during a controlled buy"). Although the

9

affidavit only describes the informant's familiarity with crack cocaine, this does not impugn that the powdery substance the informant provided to Zamora as the product of the buy immediately after exiting the target apartment field-tested positive as cocaine. Also, the informant told Zamora he/she exchanged the provided city buy money for that cocaine. Thus, none of these alleged "flaws" renders the circumstances of the controlled buy insufficient to support a finding of probable cause. *See Griggs*, 352 S.W.3d at 305–06.

Finally, appellant challenges the credibility and reliability of the informant's statement that the suspected party was known to carry a pistol, and the circumstances of how Zamora came to "know, from a credible and reliable source," about the suspected party Ca-Leon's recent alleged move to the target apartment from the address listed in a police report involving a suspect Kallon who allegedly threatened a women with a pistol. Although appellant acknowledges this information pertained to the request for "no knock" authorization, he argues that it also pertained to Zamora's attempt to identify the "suspected place" and the "suspected party" and thus needed to be sufficiently reliable to support probable cause. We already have concluded that the totality of the circumstances of the controlled buy set out in the affidavit provided a sufficient connection between the sale of cocaine and the particular apartment set out in the search warrant to support probable cause. Moreover, we may not analyze the affidavit in a hyper-technical manner. *McLain*, 337 S.W.3d at 271 (citing *Gates*, 462 U.S. at 236); *Griggs*, 352 S.W.3d at 302 (rejecting invitation "to scrutinize discrete parts of the affidavit and find each deficient so that the affidavit as a whole cannot support the magistrate's probable-cause finding"). Thus, we find nothing in this "no knock" section of the affidavit that otherwise diminishes the magistrate's substantial basis for concluding probable cause existed. *See McLain*, 337 S.W.3d at 271.

10

Accordingly, we overrule appellant's first issue.

## B. Appellant failed to preserve whether the "no knock" authorization was supported by reasonable suspicion.

In his second issue, appellant argues the trial court abused its discretion in denying his motion to suppress because the particular circumstances cited in Zamora's affidavit were not sufficient to support reasonable suspicion that knocking, announcing, and waiting would be dangerous, futile, or would inhibit effective investigation of the evidence. The State argues that appellant failed to preserve error on this issue, and we agree.

"A motion to suppress is nothing more than a specialized objection to the admission of evidence" and thus must state the grounds therefor with sufficient specificity to make the trial court aware of the complaint. *Porath v. State*, 148 S.W.3d 402, 409–10 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("If the objection made in the trial court differs from the complaint made on appeal, the defendant has failed to preserve error for review."). While the "knock and announce" requirement is considered part of the Fourth Amendment, the justification for a "no knock" entry is subject to its own reasonable suspicion standard. *See Richards v. Wisconsin*, 520 U.S. 385, 394 (1997) ("In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence").

In his motion to suppress, appellant simply asserted that the evidence seized was obtained "without a valid search warrant and without probable cause in violation of" the Fourth Amendment, article I, section 9, of the Texas Constitution, and articles 1.06 and 38.23 of the Code of Criminal Procedure. Appellant did not

11

specify, however, the knock-and-announce complaint that he now asserts on appeal. Nor did he present this issue when he renewed his objection to the search warrant at trial, arguing only "that the affidavit is insufficient to set out probable cause to support the warrant."[2] The trial court could not have been aware of the knock-and-announce complaint because of appellant's focus on probable cause. As such, appellant has failed to preserve his argument regarding lack of reasonable suspicion to support the "no knock" entry. *See* TEX. R. APP. P. 33.1(a); *Martinez v. State*, 17 S.W.3d 677, 682–83 (Tex. Crim. App. 2000) (en banc).

Even if appellant had not waived his complaint, and we were to reach whether the affidavit sufficiently set out Zamora's reasonable suspicion that the police needed to effect a "no knock" entry in the target apartment for their safety, a violation of the Fourth Amendment's knock-and-announce rule does not warrant suppression of the evidence under the federal exclusionary rule unless that violation is "the unattenuated but-for cause of obtaining the evidence." *State v. Callaghan*, 222 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *see Hudson v. Michigan*, 547 U.S. 586, 592–94, 599 (2006); *Wright v. State*, 253 S.W.3d 287, 288 (Tex. Crim. App. 2008).

Appellant acknowledges *Callaghan*, but contends that it was wrongly decided because his challenge is based not only on the Fourth Amendment, but also on the Texas Constitution[3] and article 38.23(a). However, in *Callaghan*, we expressly addressed the defendant's argument that the Texas exclusionary rule in article 38.23(a) allowed for the trial court's proper suppression of the evidence.

---

[2] The trial court specifically asked appellant's trial counsel, "[I]s there anything else specific about the warrant . . . you believe is not sufficient[?]" and counsel answered, "No."

[3] Again, appellant does not separately argue his state constitutional claim or present any argument asserting that article I, section 9, otherwise affords him greater protection. *See* n.1. Accordingly, this contention presents nothing for review. *See Manns*, 122 S.W.3d at 192 n.97.

The *Callaghan* court rejected such argument and specifically found that the federal causation analysis from *Hudson* was consistent with the required causation analysis for the Texas exclusionary rule. 222 S.W.3d at 615–16. Thus, where the defendant has not proven a "causal connection between the manner of police entry and collection of the evidence, [a]rticle 38.23(a) does not require exclusion." *Id.* at 616. Appellant has not even argued, much less met his burden to show, *see id.*, that there was a causal connection between any police "no knock" violation and collection of the evidence here. Thus, we see no reason to stray from our binding precedent.[4]

Therefore, we overrule appellant's second issue.

### III. CONCLUSION

Accordingly, we affirm the trial court's judgments.

/s/ Tracy Christopher
Justice

Panel consists of Justices Christopher, Busby, and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[4] Appellant also faults the *Callaghan* court for its alleged failure to consider *State v. Daugherty*, 931 S.W.2d 268 (Tex. Crim. App. 1996), and *Price v. State*, 93 S.W.3d 358 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). But *Callaghan* addressed the effect, if any, of both these cases. 222 S.W.3d at 612 n.2, 614–15 & n.5.